## SUPERIOR COURT

Felicien Poncelot p. a.
vs. } No. 1396
Harry Frank
RESCRIPT
April 22, 1925

SUMNER, J. Plaintiff has brought suit to recover damages for the negligence of the defendant in operating his car so that it came violently into collision with the plaintiff walking on the highway. The jury brought in a verdict for the plaintiff in the sum of $2058 and defendant has filed a petition for a new trial.

The plaintiff, at that time a boy, 11 years old, testified that he left a lawn party alone, about 10 p. m., went onto the sidewalk, stopped "quite a little while" at the curbing, looked up and down the street, · saw nothing approaching, proceeded into the street, and when about three-quarters of the way across was run down by the defendant's car and injured. He did not see the car until it struck him and neither he nor the other witnesses for the plaintiff were able to give any definite estimate of the speed of the car.

A Mrs. Doiron testified that she crossed the road farther up, waited for an automobile that was coming along "pretty fast" to go by, proceeded across the street, and after she crossed, looked back, saw people running, and discovered that the plaintiff had been in an accident. Whether the automobile that passed her was the car in the accident, she could not say.

The plaintiff testified that there were four or five cars parked along the side of the road near where he stood, that he could see between them, and there was nothing in sight as far as the hill, and the street was well lighted. It later appeared that the hill was a distance estimated to be from 800 feet to quarter of a mile away.

The defendant testified that, as he was going along at a speed not greater than 10 miles an hour, he saw the plaintiff, when about five feet away, coming toward him and looking back toward the lawn party; that he stopped the car in seven or eight feet; that there was a touring car turning around on the road ahead of him and blocking the road, so that he was obliged to moderate his speed. The defendant is corroborated by the testimony of two friends who were in his car, and also by one Carlo, who testified that he saw the defendant's car coming as he (Carlo) was turning his car around, and that the defendant at that time was going somewhere between 12 and 15 miles an hour.

It was testified that the street was 25 feet wide from curb to curb and that the accident occurred on or near the car track, two-thirds of the way across the street.

The court does not think that the plaintiff has shown that defendant was negligent and was going at an excessive rate of speed. The boy was not severely injured, as far as appeared at the time; no bones were broken; he was able to walk; he was sitting in a rocking chair the next day, and was confined to the house for only two weeks. The doctor who attended him at the time of the accident did not testify and we have only a layman's description of his condition. His side became black and blue and his head was cut and bled freely, impressing the bystanders as to the severity of his injuries.

The witnesses for the defendant say that the boy was under the car after the accident and one of the witnesses for the plaintiff said he was dragged two feet. This testimony would seem to corroborate the claim of the defendant that he was not driving more than ten miles an hour. Under a brake schedule that has been frequently brought to the court's attention, although it was not offered in evidence in this case, a car going at the rate of ten miles per hour should be stopped within ten feet, and if the defendant stopped with eight feet, as he claims, he was going less than ten miles per hour.

The statement of the plaintiff that he stopped at the curb to look up the street is contradicted by one of his witnesses, another boy, who said that he did not stop but "walked pretty fast" across the sidewalk into the street. If the plaintiff looked, as he testified, and saw nothing "as far away as the hill," the car in question would have been obliged, in the five or seven seconds that plaintiff used in crossing the street, to go at the rate of about 80 miles an hour in order to reach the place of the accident, and going at that rate it would have been impossible for the defendant to have stopped as he did and to have done so little injury to the plaintiff. The court does not believe that the plaintiff did look up the street but that he walked out from between the parked automobiles directly into the path of the defendant's automobile without taking any note of where he was going, and, if so, he of course was guilty of contributory negligence.

Assuming that the car that Mrs. Doiron saw was the defendant's car, her definition of "pretty fast" does not give any definite idea of the car's speed. If it had been going at the rate of 80 miles an hour, she probably would have described it much more graphically.

Beyond the question of negligence, the damages awarded by the jury were excessive. There was no clear testimony that the alleged incipient hernia was caused by the accident, as the only doctor called as a witness by the plaintiff did not see the boy until five months afterwards. Moreover, the doctor called by the defendant, apparently much more familiar with hernia than plaintiff's physician, testified that there was no hernia. No attempt

has been made to have an operation performed on the plaintiff which, it is conceded, would probably cure him if he has such an ailment.

Defendant's motion for a new trial granted.